| | |
|---|---|
| **From:** | Peter Shelling |
| **To:** | Laura Stell; PDChambers |
| **Cc:** | Siegel, Zachary P.; Rachael Griffin; Scott James Street; DeLarco, Michael E.; Simmons, Andrew T.; Wilton, Rebecca; John Howard |
| **Subject:** | RE: Request for Informal Discovery Conference — John Loeffler v. IBM, No. 25-cv-05765 |
| **Date:** | Friday, July 17, 2026 7:46:54 AM |
| **Importance:** | High |

**CAUTION - EXTERNAL:**

To the Judicial Chambers of the Honorable Patricia Donahue:

Plaintiff John Loeffler respectfully follows up regarding his request for an informal discovery conference, submitted on June 29, 2026.

The parties' three mutually agreed upon dates for the conference, July 2, 6, and 8, have now passed. The discovery dispute remains unresolved, and the discovery cut-off is September 14, 2026.

We ask for the Court's guidance whether the parties should confer and submit updated dates for the conference.

Best regards,

Peter C. Shelling
Associate Attorney

JW Howard Attorneys, Ltd
600 West Broadway Suite 1400
San Diego CA, 92101
Tel: (619) 234-2842

---

**From:** Laura Stell <laura.stell@aflegal.org>
**Sent:** Monday, June 29, 2026 4:32 PM
**To:** pdchambers@cacd.uscourts.gov
**Cc:** Siegel, Zachary P. <zachary.siegel@hoganlovells.com>; Rachael Griffin <rachael.griffin@aflegal.org>; Peter Shelling <pshelling@jwhowardattorneys.com>; Scott James Street <sstreet@jwhowardattorneys.com>; DeLarco, Michael E. <michael.delarco@hoganlovells.com>; Simmons, Andrew T. <andrew.simmons@hoganlovells.com>; Wilton, Rebecca <rebecca.wilton@hoganlovells.com>; John Howard <johnh@jwhowardattorneys.com>
**Subject:** Request for Informal Discovery Conference — John Loeffler v. IBM, No. 25-cv-05765

To the Judicial Chambers of the Honorable Patricia Donahue:

Pursuant to Judge Donahue's procedures regarding informal discovery conferences, Plaintiff Loeffler respectfully requests a discovery conference with the Court via Zoom regarding the discovery dispute described below. Counsel for the parties have met and conferred in good faith pursuant to Local Civil Rule 37-1, but have reached an impasse.

Plaintiff Loeffler has copied opposing counsel on this email. This request is being submitted within one business day of the parties' last meet-and-confer, which occurred on Friday, June 26, 2026.

The parties have mutually agreed upon the following three proposed dates for the conference:

1.  July 2, 2026

2.  July 6, 2026

3.  July 8, 2026

The discovery cut-off date is September 14, 2026.

The parties provide the following neutral statement of the issue(s) in dispute and brief descriptions of their respective positions:

**Issue:** Whether Loeffler's Requests for Production Nos. 56 (62), 57 (63), 58 (64), and 59 (65), seeking documents produced to the Department of Justice regarding IBM's DEI policies, remedial measures, "diverse interview slates," and "diverse sourcing" are discoverable by Loeffler.

- **Plaintiff Loeffler's Position:** *First*, the requests are not overbroad as they are limited to the DOJ's investigation of IBM, IBM's companywide DEI policies/remedies, and specific IBM practices applied to Loeffler's "business unit."

  *Second*, the documents are relevant as, (1) IBM concedes that there is "overlap" between Loeffler's requests and documents it produced to the DOJ when it was investigated by the Federal government for discrimination, (2) IBM claims it already produced some of those documents, but did not say so in its responses to Loeffler's requests for production, and (3) Loeffler's Title VII claims and/or allegations would be directly substantiated by evidence obtained through such discovery. *See Diaz v. American Tel. & Tel.*, 752 F.2d 1356, 1362 (9th Cir. 1985) (finding that where statistical evidence may "establish a general discriminatory pattern in an employer's hiring or promotion practices," it "can create an inference of discriminatory intent with respect to the individual employment decision at issue.") (emphasis added).

*Third*, IBM has presented no basis for asserting privilege, and while IBM mentions settlement privilege, the 2006 amendment to Rule 408 has been interpreted by the advisory committee to "retain the extensive case law finding Rule 408 inapplicable when compromise evidence is offered for a purpose other than to prove the validity, invalidity, or amount of a disputed claim."  USCS Fed. R. Evid. 408 (citing *Athey v. Farmers Ins. Exchange,* 234 F.3d 357 (8th Cir. 2000)).

- **Defendant IBM's Position:** IBM has already agreed to produce all documents that are relevant to the claims and defenses in this case, wherein Plaintiff alleges he was terminated because he is an older white man.  IBM objected, however, to requests seeking "all" documents provided to the DOJ in response to a Civil Investigative Demand (served pursuant to 31 U.S.C. section 3729, et seq.), and irrelevant subject matters such as "diverse interview slates," "diverse sourcing" and "voluntary remedial measures," which are untethered to the claims in this case and are vague and overbroad. The requested DOJ-related materials arise from a separate matter brought under different legal authority and different legal theory (alleged fraud against the government), and Plaintiff's reliance on an attenuated theory of alleged overlapping topics, or pattern evidence, does not establish that such materials are relevant or proportional, particularly where Plaintiff can, and has, obtained information concerning his own employment, termination, business unit, and policies applicable to his employment.

Best regards,



**Laura Stell**
Counsel
**America First Legal Foundation**

910-541-1901 |  aflegal.org  |  laura.stell@aflegal.org

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.