John W. Howard (SBN 80200)
Scott J. Street (SBN 258962)
Peter C. Shelling (SBN 351159)
**JW HOWARD | ATTORNEYS, LTD**
600 West Broadway, Suite 1400
San Diego, CA 92101
Tel: (619) 234-2842

James Rogers* (AZ Bar No. 027287)
Rachael Griffin* (VA Bar No. 98207)
Laura Stell* (NC Bar No. 59840)
Brittany Bennett* (GA Bar No. 717377)
**AMERICA FIRST LEGAL FOUNDATION**
611 Pennsylvania Ave, SE #231
Washington, DC 20003
Telephone: (202) 964-3721

*Admitted *pro hac vice*

Attorneys for Plaintiff John Loeffler

JW HOWARD/ ATTORNEYS, LTD.
600 West Broadway, Suite 1400
San Diego, California 92101

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN LOEFFLER,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York Corporation; and ARVIND KRISHNA, an individual,<br><br>Defendants. | Case No.: 2:25-cv-05765-CBM-PD<br><br>[Assigned to the Honorable Consuela B. Marshall]<br><br>**PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER TO COMPLETE FACT DISCOVERY**<br><br>[Filed concurrently with Declaration of Scott J. Street; [Proposed] Order lodged concurrently]<br><br>Date: November 3, 2026<br>Time: 10:00 a.m.<br>Crtrm: 8D |

JW HOWARD/ ATTORNEYS, LTD.
600 WEST BROADWAY, SUITE 1400
SAN DIEGO, CALIFORNIA 92101

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on November 3, 2026, or as soon thereafter as the matter may be heard before the Honorable Consuela B. Marshall, Plaintiff John Loeffler will, and hereby does, move for an order modifying the scheduling order to continue the fact discovery cutoff by two and a half months, from October 14, 2026, to December 31, 2026, so that Plaintiff's counsel can finish gathering the evidence needed to oppose IBM's anticipated summary judgment motion and prepare the case for trial. That work includes further proceedings before the Magistrate Judge on critical discovery disputes, including IBM's failure to produce a witness to testify on its behalf about critical factual issues and IBM's redaction of key information about the diversity metrics it tracked between 2022 and 2024, the period during which Mr. Loeffler alleges IBM unlawfully discriminated against him.

Mr. Loeffler brings this motion pursuant to Rule 16 of the Federal Rules of Civil Procedure and Central District Local Rule 16-14. There is good cause to grant it. IBM answered the complaint on September 17, 2025. Discovery started in the spring of 2026. But IBM did not produce its first witness for a deposition until July 30, 2026. The parties then had to request a one-month continuance of the discovery cutoff (to October 14, 2026) merely to complete the first wave of depositions.

Now IBM is delaying again. It reneged on its promise to produce a 30(b)(6) witness on September 29, 2026, and now will not produce anybody to testify on its behalf until October 13, 2026, the day before the discovery cutoff. And that person will only testify about *four* of the twenty-two topics Plaintiffs requested. That leaves eighteen critical topics on which, absent an extension, IBM will not provide testimony.

Meanwhile, IBM has repeatedly delayed producing documents and has redacted key information that could support Mr. Loeffler's case, including after a discovery dispute in which the Magistrate Judge sided with Mr. Loeffler.

That is improper. This is a complex discrimination case. It will turn on

circumstantial evidence of discrimination, evidence that undermines IBM's stated reason for firing Mr. Loeffler. Mr. Loeffler deserves a full and fair opportunity to gather that evidence.

IBM will not be prejudiced by granting this relief. It is a short delay that, in the scheme of this case, is trivial. And no other deadlines need to be continued. Experts do not have to be disclosed until January 29, 2027. Expert discovery closes on March 19, 2027. Dispositive motions can still be filed after the close of discovery and set for a hearing by February 16, 2027, the current deadline to hear them.

Most importantly, the May 18, 2027, trial date need not move, and neither do the associated pre-trial deadlines. Alternatively, Mr. Loeffler's counsel would not oppose a short continuance of the trial date. Either way, the case should finish by the end of 2027.

Mr. Loeffler's counsel certifies that they met and conferred with IBM's counsel about this issue by Zoom last week. They did not agree to the requested continuance.

The motion is based on this notice and motion, the attached memorandum of points and authorities, the concurrently filed Declaration of Scott J. Street, and any other material and argument the Court may consider.

Respectfully submitted,

DATED: October 5, 2026

JW HOWARD/ATTORNEYS, LTD.
AMERICA FIRST LEGAL FOUNDATION

By: */s Scott J. Street*
Scott J. Street
Attorneys for Plaintiff
JOHN LOEFFLER

JW HOWARD/ ATTORNEYS, LTD.
600 WEST BROADWAY, SUITE 1400
SAN DIEGO, CALIFORNIA 92101

JW HOWARD/ ATTORNEYS, LTD.
600 WEST BROADWAY, SUITE 1400
SAN DIEGO, CALIFORNIA 92101

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This motion seeks limited relief: a two-and-a-half-month continuance of the fact discovery cutoff, through the end of 2026, so Plaintiff John Loeffler's counsel can finish gathering the evidence needed to oppose IBM's anticipated summary judgment motion and prepare the case for trial.

There is good cause to grant the motion. The parties have been trying to complete discovery by the current October 14, 2026, cutoff. But after initially promising to produce two key fact witnesses in early September, with a major 30(b)(6) deposition on September 29, 2026, in New York City, IBM delayed. It moved the key fact witnesses to late September and early October, and it cancelled the September 29 30(b)(6) deposition. Instead, it agreed to produce a 30(b)(6) witness on October 13—the day before the cutoff—and said the witness would testify about only *four* of the twenty-two topics Plaintiff requested.

Meanwhile, IBM continues to withhold or redact key documents. Plaintiff has already had to go to the Magistrate Judge once to obtain documents. Plaintiff prevailed on every issue raised, and he will likely have to do so again.

These developments provide good cause to continue the discovery cutoff through the end of 2026. That will give the parties time to complete the depositions while litigating any remaining discovery disputes, including improper redactions and improperly withheld documents. It will not require changing any of the other deadlines, including the trial date. There will still be ample time to conduct expert discovery and litigate dispositive motions.

We do not make this request lightly. We wish discovery was finished. But this is a complex discrimination case. It turns on circumstantial evidence of discrimination, including evidence that the reason IBM gave for firing Loeffler was a pretext for discrimination. That requires probing every aspect of the termination decision.

Moreover, the IBM business in which Mr. Loeffler worked involved complex technical matters and operated nationwide. Key witnesses live all over the country, and key evidence is located across the country. For that reason, we anticipate that it will take several witnesses, over several days, to testify fully about the topics listed in the 30(b)(6) notice.

So be it. The parties already attended mediation. The case did not settle. Thus, it will have to be litigated through summary judgment and trial. The additional two and a half months of discovery will give Mr. Loeffler a full and fair opportunity to finish gathering the evidence he needs to do so.

## II. FACTS

Mr. Loeffler used to work for IBM. He sold IBM's Cloud Platform. He worked successfully for IBM for many years. Declaration of Scott J. Street dated October 2, 2026 ("Street Decl."), ¶ 2.[1]

Mr. Loeffler's job focused on selling IBM's Cloud Platform to clients in the government, education, and health care settings, a market that IBM calls "PubFed" (short for "Public and Federal Markets"). He was one of dozens of employees across the country who worked in that division. *Id.*, ¶ 3.

By the end of 2022, Mr. Loeffler had established himself as a critical member of the PubFed team. He was so valuable, in fact, that IBM gave him a special job: working as a specialist across the Pub Fed team. *Id.*, ¶ 4.

In that role, Mr. Loeffler did not have his own sales territory. Instead, he worked across the country. And he was supposed to be credited with sales revenue that reflected that cross-territory work. That included credit for Project Comet, a major PubFed sales project on which Mr. Loeffler worked between 2020 and 2023. *Id.*, ¶ 5.

Mr. Loeffler's compensation plan reflected that value. For example, at the end of 2022, IBM gave him an Incentive Plan Letter ("IPL") that entitled him to credit for both

[1] These facts are provided for background purposes.

JW HOWARD/ ATTORNEYS, LTD.
600 West Broadway, Suite 1400
San Diego, California 92101

JW HOWARD/ ATTORNEYS, LTD.
600 West Broadway, Suite 1400
San Diego, California 92101

his own sales results and those achieved by his team, a quota plan typically reserved for executives, such as Mr. Loeffler's then-boss, Tom Scott. *Id.*, ¶ 6.

By early 2023, Mr. Loeffler had reached Band 10, the highest band of non-executive employees at IBM. He was over 60 but did not plan to retire anytime soon. In fact, as a single dad, he had entered an important stage of his career: he planned to work hard for another decade. *Id.*, ¶ 7. He wanted to maximize his earnings so he could finish paying for his kids' college and set himself up for retirement. *Id.*

His plan was upended by IBM's aggressive embrace of diversity, equity and inclusion ("DEI") policies during 2023. The DEI push came at the worst possible time, as IBM was also trying to downsize its sales force, reducing its overall headcount and emphasizing the elimination of Band 10 employees, the most senior (*i.e.*, oldest). *Id.*, ¶ 8. This effort, which was overseen by a group called the Technology Leadership Team ("TLT"), had a specific goal: "[redacted] Street Decl., Exh. A, at 3.[2]

In other words, between 2022 and 2024, IBM had a corporate policy of pushing older white men out of its sales force to make room for younger employees, women, and people of color. And in the fall of 2023, IBM suddenly placed Mr. Loeffler and two other older white men on the PubFed team on Performance Improvement Plans ("PIPs") that were nearly impossible to satisfy. When they failed to satisfy their PIP terms, IBM fired them. Street Decl., ¶ 9.

Mr. Loeffler pushed back. He questioned the PIP's assumptions, arguing that IBM had not properly credited him with revenue as set forth in his IPL and that other terms of the PIP were unfair. Street Decl., ¶ 10, Exh. B.

IBM did nothing to address those concerns. As best we can tell, it did not even check whether Mr. Loeffler should have been credited with additional revenue, as he

[2] IBM labeled this document "CONFIDENTIAL," as it did for many of its documents, so we have redacted it pending discussion with IBM's counsel about whether it will withdraw the designation so Exhibit A can be filed publicly.

JW HOWARD/ ATTORNEYS, LTD.
600 WEST BROADWAY, SUITE 1400
SAN DIEGO, CALIFORNIA 92101

claimed. IBM Vice President Mike Ryan told Mr. Loeffler that he spoke with IBM legal and HR but said they would not make an exception for an older white man. *Id.*, Exh. C.

On November 1, 2023, IBM fired Loeffler. He filed this case on June 25, 2025, after exhausting his administrative remedies. Street Decl., ¶ 13.

IBM answered the Complaint on September 17, 2025. Discovery began in the spring of 2026, but it progressed slowly. For example, IBM did not produce any documents until March 24, 2026, but that was just the first production; IBM produced more than 9,000 pages of documents after May 26. *Id.*, ¶ 15. And IBM did not produce its first witness for a deposition until July 30. *Id.*

Meanwhile, IBM refused to produce many key documents, including those related to the federal government's investigation into IBM's DEI policies. In fact, the government accused IBM of aggressively promoting DEI in its government sales divisions between 2020 and 2024, the same period at issue in this case. *Id.*, ¶ 16. IBM paid $17 million to settle that case. *Id.*, Exh. D.

By July 30, 2026, the parties were still deep in discovery, with numerous IBM depositions remaining and discovery disputes to resolve. Meanwhile, the discovery cutoff was September 14, 2026. To allow time to litigate those disputes and complete the depositions, the parties agreed to a one-month continuance of the cutoff, to October 14, 2026. *Id.*, ¶ 17; ECF 59.

That still did not provide much time. Therefore, at a deposition in New York on July 30, 2026, Mr. Loeffler's counsel asked IBM's counsel to check their witnesses' schedules so that they could finish depositions by the end of September. That would have given the parties time to complete the depositions and address any issues that arose from them. It also would have given them ample time to finish litigating any discovery disputes. Street Decl., ¶ 18.

Initially, IBM's counsel cooperated. They offered dates for a few key witnesses in early September 2026 and agreed to produce a witness to testify on IBM's behalf at

a Rule 30(b)(6) deposition in New York on September 29, 2026. *Id.*, ¶ 19.

In the meantime, the parties took their dispute over the government investigation documents that IBM was withholding to the Magistrate Judge. The Magistrate Judge sided with Mr. Loeffler. IBM has produced some of these documents but has continued to withhold others. *Id.*, ¶ 20–21.

Cooperation has since stopped. Suddenly, no IBM witnesses were available until the end of September. *Id.*, ¶ 22. IBM also stated that it would not produce anyone for the Rule 30(b)(6) deposition in New York on September 29, 2026, and that it would not produce a 30(b)(6) witness until October 13, 2026, the day before the discovery cutoff. *Id.*, ¶¶ 22–23.

Moreover, IBM said it would not designate anyone to testify on its behalf regarding eighteen of the twenty-two topics that Mr. Loeffler requested testimony on. *Id.* And it now appears that IBM withheld key documents that show how it tracked certain diversity metrics between 2022 and 2024. *Id.*, ¶¶ 24–25. That will likely lead to further motion practice with the Magistrate Judge.

We learned this information after September 18, 2026. We promptly reached out to IBM's counsel, explained why we needed testimony from IBM on all the requested topics, and advised them that the current deposition schedule, with depositions compressed into the last two weeks of discovery, does not allow sufficient time to complete the depositions and use the information obtained from them. That time is especially important in a complex discrimination case, involving a complex business, that will be proved through circumstantial evidence, including evidence that IBM's stated reason for terminating Mr. Loeffler was pretextual. *Id.*, ¶¶ 26-27.

Given the time pressure, we asked IBM's counsel to meet and confer about extending the discovery cutoff through the end of 2026. That extension would not involve continuing any of the other pre-trial deadlines or the trial date. *Id.*, ¶ 28, 34.

The conference occurred via Zoom on September 23, 2026. IBM did not agree to

JW HOWARD/ ATTORNEYS, LTD.
600 West Broadway, Suite 1400
San Diego, California 92101

the requested continuance. *Id.*, ¶ 36.

Further good cause emerged after that. For example, during the September 29 deposition of Tracey Armstrong, we became aware of even more deficiencies in IBM's production. Ezequiel Piccione and Cameron Art were identified as the two IBM executives with final authority over approvals for PIP exceptions and extensions. *See* Street Decl., ¶ 32, Exh. F. There have been zero documents produced by IBM mentioning Mr. Piccione. In addition, no substantive communications from Mr. Art have been produced by IBM. Discussions regarding Mr. Loeffler's PIP exception and why some sellers were afforded extensions to their PIP deadlines while Mr. Loeffler was not, are key factual questions that currently remain unanswered due to IBM's failure to provide documents we believe to be responsive.

In addition to Mr. Piccione and Mr. Art, Ms. Armstrong's testimony identified Nickle LaMoreaux and Sam Ladah as two high-level executives who would have had visibility to the Cognos Analytics dashboard contained in the disputed DOJ documents mentioned above. *Id.* ¶ 33, Exh. G. IBM has produced minimal documentation from either of these individuals. These excerpts from the Cognos Analytics dashboard demonstrate clear racial and sex-based targeting at the Band 10 level, despite IBM counsel's preliminary representation that these documents were irrelevant to Mr. Loeffler's claims.

## III. ARGUMENT

The Court should grant the motion and modify the scheduling order so that Mr. Loeffler's counsel has a fair opportunity to finish discovery, including litigating any discovery disputes, before opposing IBM's anticipated summary judgment motion.

Rule 16 of the Federal Rules of Civil Procedure allows a scheduling order to "be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). That inquiry "focuses on the reasonable diligence of the moving party" in seeking relief. *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007).

JW HOWARD/ ATTORNEYS, LTD.
600 WEST BROADWAY, SUITE 1400
SAN DIEGO, CALIFORNIA 92101

JW HOWARD/ ATTORNEYS, LTD.
600 WEST BROADWAY, SUITE 1400
SAN DIEGO, CALIFORNIA 92101

Good cause exists here. This is a complex discrimination case. It depends on circumstantial evidence of discrimination, including evidence that the reason IBM gave for terminating Mr. Loeffler's employment should not be believed, *i.e.*, it was a pretext for discrimination against older white men. That requires deposing everyone involved in the decision and digging into the underlying facts to determine whether IBM told the truth about the facts it supposedly used to justify Mr. Loeffler's termination.

Plaintiff has not obtained that evidence yet. In fact, the two IBM executives deposed so far did not know many of the key underlying facts, including why Mr. Loeffler was not credited with revenue consistent with his IPL and why no one questioned his PIP during the fall of 2023, even after he questioned the PIP's terms and assumptions. Street Decl., ¶¶ 28–31.

Indeed, to date, none of the IBM witnesses has been able to explain how the IPLs are created or evaluated. *Id.*, ¶ 30. Given the importance of the IPL to this analysis, that testimony is critical. But it is still missing. And IBM refuses to produce a witness to testify on its behalf about that topic. That is one of eighteen topics on which IBM has failed to produce a witness, and which it will not produce a witness to testify before October 15. *Id.*

That is part of a larger problem. Mr. Loeffler worked in a technical and complex business. One witness said decisions were made by the "robots." *Id.*, ¶ 31. And the events occurred several years ago. As this case moves toward trial, it is critical to get IBM's testimony on those issues. Relying on third-party "personal knowledge" depositions has not yielded, and will not yield, the information that Mr. Loeffler needs to oppose IBM's summary judgment motion, which the Court needs to analyze these complex legal issues.

Moreover, Mr. Loeffler has alleged that IBM deprived him of commissions he was owed on Project Comet and related business matters. *Id.*, ¶ 28. But IBM has not produced any documents to explain the discrepancy, nor has it agreed to produce a

witness to testify on its behalf about that issue, which is central to both the wage claims and the broader discrimination theory. *Id.*, ¶¶ 28-29.

And there are still issues with IBM's document productions to resolve. For example, after repeatedly claiming that it did not track diversity metrics in Mr. Loeffler's business unit, IBM produced a document that shows it did just that. Street Decl., ¶ 24, Exh. E. But IBM redacted the data in the document, preventing Mr. Loeffler's counsel from seeing and using those figures during depositions to get to the heart of IBM's discriminatory practices. Street Decl., ¶ 25.

The Court should not fault Mr. Loeffler for these issues. IBM controls the information. We have done our best to gather the documents and learn what we can from those records. But they are not enough. We need to fully depose IBM's witnesses on all these issues. And if IBM will not produce witnesses on subjects, we must litigate that. This case is too important to leave those stones unturned.

That is especially important given where the case stands now. The parties went to a mediation. The case did not settle. It has to be litigated.

Mr. Loeffler deserves a full and fair chance to prove his case. That includes completing depositions and using the information his counsel learns from those depositions, not just checking the box to get them done and moving on to the next stage.

IBM will not be prejudiced by this relief. It has already received all the discovery it needs from Mr. Loeffler (unlike IBM, Mr. Loeffler did not withhold any documents on relevance grounds). And this continuance will not require changes to any other deadlines: dispositive motions can still be filed in early 2027, expert discovery can proceed in the spring, and trial can remain set for May 2027. If necessary, Mr. Loeffler would not oppose a short continuance of the trial date. *Id.*, ¶ 34.

This is not an act of gamesmanship. It is not a delay for delay's sake. We are trying to narrow the case to the claims that are truly at issue while developing a full record on which to litigate those claims.

JW HOWARD/ ATTORNEYS, LTD.
600 WEST BROADWAY, SUITE 1400
SAN DIEGO, CALIFORNIA 92101

## IV. CONCLUSION

For the foregoing reasons, the Court should grant the motion and continue the discovery cutoff through the end of 2026.

Respectfully submitted,

DATED: October 5, 2026

**JW HOWARD | ATTORNEYS, LTD.**
**AMERICA FIRST LEGAL FOUNDATION**

By: */s Scott J. Street*
Scott J. Street

Attorneys for Plaintiff
JOHN LOEFFLER

JW HOWARD/ ATTORNEYS, LTD.
600 WEST BROADWAY, SUITE 1400
SAN DIEGO, CALIFORNIA 92101

JW HOWARD/ ATTORNEYS, LTD.
600 WEST BROADWAY, SUITE 1400
SAN DIEGO, CALIFORNIA 92101

**CERTIFICATE OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed by JW Howard/Attorneys, LTD. in the County of San Diego, State of California. My business address is 600 West Broadway, Suite 1400, San Diego, California 92101.

On October 5, 2026, I electronically filed the **PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER TO COMPLETE FACT DISCOVERY** and served the documents using the Court's Electronic CM/ECF Service, which will send electronic notification of such filing to all registered counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 5, 2026, in San Diego, California.

*/s/ Dayna Dang*
Dayna Dang, Paralegal
dayna@jwhowardattorneys.com