**HOGAN LOVELLS CADWALADER US LLP**
Tao Y. Leung (Bar No. 254265)
Michelle Gonzales (Bar No. 292075)
Harmony R. Gbe (Bar No. 313241)
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Fax No.: (310) 785-4601
tao.leung@hlc.com
michelle.roberts.gonzales@hlc.com
harmony.gbe@hlc.com

Michael E. DeLarco (Admitted *Pro Hac Vice*)
390 Madison Avenue
New York, NY 10019
Telephone: (212) 918-3000
Fax No.: (212) 918-3100
michael.delarco@hlc.com

Attorneys for Defendant
INTERNATIONAL BUSINESS
MACHINES CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JOHN LOEFFLER,

Plaintiff,

v.

INTERNATIONAL BUSINES MACHINES CORPORATION, a New York Corporation, and ARVIND KRISHNA, an individual,

Defendants.

Case No. 2:25-cv-05765-CBM-PD

**DECLARATION OF MICHELLE ROBERTS GONZALES IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER**

Honorable Consuelo B. Marshall

Compl. Filed: June 25, 2025
FAC Filed: September 3, 2025

Date: November 3, 2026
Time: 10 a.m.
Courtroom: 8D

## DECLARATION OF MICHELLE ROBERTS GONZALES

I, Michelle Roberts Gonzales, declare as follows:

1. I am an attorney admitted to practice in the State of California and the Central District of California, and I am counsel of record for Defendant International Business Machines Corporation ("Defendant" or "IBM") in the above-entitled action. I have personal knowledge of the matters stated herein based on my participation in this litigation and communications with counsel, and if called as a witness, I could and would testify competently to them.

2. I submit this Declaration in support of IBM's Opposition to Plaintiff's Motion to Modify Scheduling Order (the "Motion").

3. Plaintiff served his first set of written discovery requests on January 21, 2026, and his second set on April 16, 2026. Following negotiation of an ESI Protocol and Protective Order, IBM produced 508 pages of document on March 3, 2026; 6,463 pages on May 22, 2026; and 910 pages on July 1, 2026. It made additional smaller productions to supplement and as of the signing of this declaration, IBM's productions totaled approximately 10,196 pages.

4. By approximately May 2026, IBM had produced substantive documents concerning Plaintiff's incentive compensation, performance, exception to his performance improvement plan ("PIP"), subsequent PIP, and termination, as well as emails and spreadsheets identifying individuals relevant to Plaintiff's employment and termination. Plaintiff also had additional PIP-related information for Plaintiff's alleged comparators, including Donna Johnson, as well as documents describing IBM's general policies for implementing PIPs and for executive compensation.

5. Plaintiff's deposition was taken on June 2, 2026.

6. Plaintiff's counsel advised that they planned to take depositions in this matter but would not begin doing so until after June 19, 2026 because of Mr. Scott

Street's trial conflicts. A true and correct copy of the relevant correspondence is attached as **Exhibit 1**.

7. On June 5, 2026, the parties jointly requested that the fact discovery cutoff be continued from July 31, 2026 to September 14, 2026. The Court granted that request.

8. Because the witnesses that Plaintiff sought to depose were located in different parts of the country, Plaintiff wished to take depositions in person, not all of the witnesses were still employed by IBM, and Plaintiff's counsel had scheduling conflicts, multiple emails regarding deposition scheduling were exchanged in order to find available dates. On August 17, 2026, the parties stipulated to an additional extension, through October 14, 2026, for pending fact depositions previously discussed by the parties. The stipulation did not extend other fact discovery beyond September 14, 2026. A true and correct copy of the stipulation is attached as **Exhibit 3**.

9. My colleagues and I worked diligently to schedule the identified depositions within the extended period. We initially offered former IBM Senior Human Resources Business Partner Tracey Armstrong for deposition between September 9 and September 11, 2026, and former IBM General Manager, IBM Public Sector and Federal Government, Brenda Harvey between September 16 and September 18, 2026, but Plaintiff's counsel declined those dates. IBM also offered Robert McLean, IBM Principal Account Leader, Sales, for deposition between October 6 and October 9, 2026, which Plaintiff's counsel likewise declined. Ms. Armstrong's deposition was thereafter scheduled for September 29, 2026, and Ms. Harvey's for October 14, 2026. IBM offered additional dates for Mr. McLean. True and correct copies of the relevant correspondence are attached as **Exhibits 4, 5, 5a, 6, 7**, and **8**.

10. A true and correct copy of the relevant excerpts of Ms. Armstrong's deposition transcript is attached as **Exhibit 9**.

11. Barring any unforeseen event, Plaintiff will have taken by October 14, 2026, taken seven fact-witness depositions (Eric Castillo, Donna Johnson, Michael Ryan, Tracey Armstrong, Tom Scott, Sergio Amoni and Brenda Harvey), including two days of testimony from Mr. Castillo, who is a former employee, and one Rule 30(b)(6) deposition. The 30(b)(6) deposition was scheduled for October 13, 2026, and Ms. Harvey was scheduled for October 14, 2026.

12. Plaintiff did not serve his first Rule 30(b)(6) deposition notice until July 2, 2026. Plaintiff served an amended notice on September 1, 2026 with materially different topics, and then served a further amended notice on September 3, 2026 adding two additional topics. True and correct copies of the notices are attached as **Exhibits 10, 11**, and **12**.

13. On September 18, 2026, my colleague advised Plaintiff's counsel that IBM had identified Aparna Nair as its Rule 30(b)(6) designee for Topics 1, 2, 18, and 22 and that she was available for an in-person deposition in New York on October 13, 2026. He also explained that the other topics appeared more appropriate for the already-scheduled fact witnesses, but, if after the fact-witness testimony Plaintiff believed specific remaining topics still warranted Rule 30(b)(6) testimony, Defendant was willing to revisit those topics and to agree to a short extension solely to complete any remaining Rule 30(b)(6) testimony. At no time during this or other communication did I or my colleagues affirmatively state that Defendant would produce a 30(b)(6) witness on September 29, 2026. A true and correct copy of that correspondence is attached as **Exhibit 6**.

14. On September 21, 2026, IBM reiterated its position on 30(b)(6) testimony, and my colleagues met and conferred on September 23, 2026 concerning the Rule 30(b)(6) deposition. A true and correct copy of the relevant correspondence is attached as **Exhibit 6**.

15. On September 28, 2026, Plaintiff served a Third Amended Rule 30(b)(6) Notice, again altering the topics by deleting No. 22. IBM served responses

and objections on September 30, 2026. True and correct copies are attached as **Exhibits 13** and **14**, respectively.

16. On September 30, 2026, IBM proposed a further limited extension through November 2, 2026 to complete Mr. McLean's deposition and any remaining Rule 30(b)(6) testimony that Plaintiff believed was necessary after the fact-witness depositions. IBM's only request was that Plaintiff consider whether testimony from the scheduled witnesses could eliminate the need for some Rule 30(b)(6) topics. A true and correct copy of the correspondence is attached as **Exhibit 7**.

17. After receiving no response to that proposal, my colleague followed up on October 1, 2026. Plaintiff's counsel rejected the November 2 date for the remainder of the 30(b)(6) deposition topics, stating that he would be in "trial prep mode by that point." Plaintiff's counsel did not propose alternative dates in that exchange and did not indicate that any of the other six attorneys of record had a trial conflict. Instead, Plaintiff's counsel stated that they would seek to reopen discovery via a modification to the Scheduling Order. A true and correct copy of the correspondence is attached as **Exhibit 7**.

18. On Saturday, October 10, Plaintiff's counsel indicated that they wished to take Mr. McLean's deposition on October 20, a date previously offered by Defendant in accordance with its compromise to extend the deposition deadline by an additional two-and-a-half weeks. Defendant indicated that it was willing to do so subject to Plaintiff withdrawing the Motion and Plaintiff's agreement to conduct the remaining 30(b)(6) topics on a date certain in November and subject further to the summary judgment deadline, the mandatory settlement conference, and trial date be extended accordingly. Defendant reminded Plaintiff's counsel that this October 20 date falls after the deposition cut-off. As of the filing of this Declaration, Plaintiff did not respond. A true and correct copy of the correspondence is attached as **Exhibit 8**.

19. On July 13 and August 12, 2026, the counsel for the parties participated in two Informal Discovery Conferences before Magistrate Judge Patricia Donahue regarding Plaintiff's requests for documents that IBM had produced in a separate False Claims Act matter. At those conferences, Judge Donahue discussed the parties' positions, expressed her view that a subset of the requested documents was likely discoverable, and reminded Plaintiff of the approaching discovery cutoff and the limited time available for motion practice. Judge Donahue did not rule that IBM's production was deficient or order IBM to conduct broader discovery or even to produce specific documents. IBM maintained its objections but produced documents consistent with Judge Donahue's recommendation. True and correct copies of Judge Donahue's minute orders from the Informal Discovery Conferences are attached as **Exhibits 15** and **16**.

20. The current case schedule was set to allow the parties to avoid or reduce the expense and burden of expert discovery if summary judgment or other dispositive adjudication was granted. Numerous deadlines in this matter would be affected by the reopening of discovery, including the settlement conference set for January 14, 2027; the initial expert disclosure deadline of January 29, 2026; and the final date for motions, which is set for February 16, 2027.

21. Mr. Ryan, a sales vice president, testified in this matter on July 31, 2026, on multiple matters including the Technology Leadership Team ("TLT") and a slide deck that Plaintiff has questioned. A true and correct copy of an excerpt of Mr. Ryan's deposition is attached as **Exhibit 17**. At no time following Mr. Ryan's deposition did Plaintiff serve any written discovery requests concerning the TLT.

22. On October 13, 2026, IBM's 30(b)(6) also testified about the TLT and the same slide deck, which was Topic No. 2 on the Third Amended 30(b)(6) deposition notice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 13, 2026, at Burbank, California.

M. Roberts Gonzales

Michelle Roberts Gonzales